By the Coubt.—Sedgwick, Ch. J.
A conclusive consideration against appellant is, that there was enough testimony to support the finding by the court below that the material furnished by appellant was not used upon the work in question, excepting a small quantity. And there was no proof as to the value of that quantity.
I am not able to perceive that there’is any foundation for the proposition that there was any lien or claim upon the moneys due, given to the appellant by reason of the contract, even if the materials had been used upon the work contracted for. Irrespective of *222 the provisions that have been extracted from the contract, there was no lien, and the contract cannot create any lien that its terms do not provide for. It must be held that it wyas not the intention of the parties to give a right of action to the material-man, upon the terms of the contract. • For what, within those terms could he sue.? Who would be the defendants ?
Passing this consideration, it must be asked, what is the nature of the material-man’s interest in such a provision ?. He can demand no more than the contract provides shall be done. The plaintiff’s assignor did not promise to pay the claim or to secure it, but only to furnish evidence that it had been paid or secured, in case the notice had been filed. The appellant of course gets no right of action from that. The contract then provides that if such evidence be not furnished, an amount necessary to meet the claims shall be retained from moneys due “until the liabilities aforesaid shall be fully discharged, or such notice withdrawn.” This does not even permit the city to pay the claim out of the moneys retained. In effect, if the agreement be carried out by the voluntary acts of the parties to the contract, the only benefit a material-man filing notice would possess would be, that he would know where his debtor had property wherewith to pay the' claim. The loss of such knowledge would not constitute damage. There is no presumption that it would delay him in obtaining payment.
Or, in another view, the terms of the contract do not provide for any application of the moneys retained to the payment of the claim contained in the notice. The filing of the notice is not proof of the validity of the claim. The law would not impound the property of a debtor in favor of a creditor who had not obtained judgment. Equity would not give an injunction for that purpose. Under the statute, it would be necessary to show that there was an intention to dispose of *223 the moneys fraudulently, and then it could be granted only in a proceeding to obtain a judgment against the debtor on an original indebtedness. There can be then no equity as to the fund, which creates a lien upon it by virtue of a contract, that does not in terms create the lien or give the elements of an equitable lien. It would be inequitable to stay the transfer of property, when there is no judgment at law that the owner of the property is indebted; and more especially, when there can be no judgment against the owner, as in this case, the plaintiff here. If, however, the plaintiff stood in the shoes of Smith, the original contractor, the contract would not give the elements of a lien, if there were no other reason, because the terms of the contract do not provide for the application of the fund to the payment of the claim.
Judgment affirmed, with costs.
Freedman and Trcíax, JJ., concurred.

The briefs of counsel contain much information as to the power of municipal corporations, their officers or agents, to make contracts or exercise authority in disregard of prohibitions, and as to the construction of their contracts containing provisions contrary to prohibitions applying to them; also as to repeal by implication.
Cloud or title. The point as to whether plaintiff had any cause of action against defendant Russell was not raised. If he had, it would seem to rest solely on the theory that Russell’s claim was a cloud on bis title to the fund, which it was necessary for him to get rid of through the aid of a court of equity, exercising its jurisdiction of removing clouds on title, before he could recover the fund from the mayor, &c.